**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| TA CHEN INTERNATIONAL, INC., | |
| Plaintiff, | |
| v. | Court No. 26-3296 |
| U.S. CUSTOMS AND BORDER PROTECTION and UNITED STATES, | |
| Defendants. | |

**COMPLAINT**

Plaintiff, Ta Chen International, Inc. (Plaintiff), by its attorneys, Squire Patton Boggs (US) LLP, files this Complaint against Defendants U.S. Customs and Border Protection and the United States (collectively, Defendants) and alleges as follows:

**PARTIES**

1.     Plaintiff is a California corporation with its principal place of business in Long Beach, California, that paid duties imposed under the International Emergency Economic Powers Act (IEEPA) on numerous entries for which it was the importer of record.

2.     Defendant U.S. Customs and Border Protection (CBP) is an agency within the U.S. Department of Homeland Security charged with administering the collection of tariffs, duties, and taxes on imported goods.

3.     The United States received the unlawful IEEPA tariffs that Plaintiff paid and is a statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581 (which waives the United States' sovereign immunity, *see Humane Soc. of U.S. v. Clinton*, 236 F.3d 1320, 1328 (Fed. Cir. 2001)).

## JURISDICTION

4.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1581(a) and 28 U.S.C. § 1581(i).

5.    Jurisdiction over part of the subject matter of this action is based on Plaintiff's timely protest, CBP's denial of the protests, and Plaintiff's timely filed summons.

6.    Jurisdiction over all or part of the subject matter of this action also is based on CBP's assessment, collection, and retention of IEEPA duties Plaintiff paid that the Supreme Court held were unlawful.

7.    This action is filed within the time limits prescribed by 28 U.S.C. § 2636(a)(2) and 28 U.S.C. § 2636(i).

8.    On March 10, 2026, Plaintiff timely filed Protest No. 550126107790 at the Port of Dallas/Fort Worth, Texas (Port 5501), contesting the decision by CBP to liquidate the following entries with secondary tariff classifications under subheadings HTSUS 99903.01 and HTSUS 9903.02 corresponding to IEEPA duties:

| | | | | |
|---|---|---|---|---|
| 8FV00026454 | TZ661556546 | 8FV00026843 | TZ661568749 | TZ661548360 |
| 8FV00026611 | TZ661558492 | TZ661548444 | TZ661568798 | TZ661548477 |
| 8FV00026645 | TZ661559144 | TZ661548451 | TZ661569655 | TZ661551448 |
| 8FV00026702 | TZ661559151 | TZ661558401 | TZ661569721 | TZ661561785 |
| 8FV00026744 | TZ661560522 | TZ661558468 | TZ661571768 | TZ661562783 |
| TZ661542165 | TZ661560621 | TZ661559177 | TZ661572782 | TZ661551422 |
| TZ661543361 | TZ661560639 | TZ661559185 | TZ661573772 | TZ661544872 |
| TZ661544906 | TZ661560647 | TZ661562742 | 8FV00026363 | TZ661551406 |
| TZ661548337 | TZ661563831 | TZ661562759 | TZ661518256 | TZ661551471 |
| TZ661548352 | TZ661564946 | TZ661562775 | TZ661532471 | TZ661553147 |
| TZ661548469 | TZ661564979 | TZ661563658 | TZ661536613 | TZ661544864 |
| TZ661548899 | TZ661564987 | TZ661563757 | TZ661541571 | TZ661548378 |
| TZ661551463 | TZ661564995 | TZ661563823 | TZ661542124 | TZ661559862 |
| TZ661553154 | TZ661565000 | TZ661564938 | 8FV00026652 | TZ661561777 |
| TZ661553618 | 8FV00026678 | TZ661567022 | 8FV00026694 | TZ661569663 |
| TZ661553634 | 8FV00026686 | TZ661567030 | TZ661540177 | TZ661546380 |
| TZ661556454 | 8FV00026710 | TZ661567048 | TZ661548311 | TZ661551489 |
| TZ661556512 | 8FV00026777 | TZ661568699 | TZ661548345 | TZ661573780 |

TZ661580314    TZ661544286    TZ661583276    TZ661540169

9.    On May 19, 2026, Plaintiff timely filed Protest No. 270426177229 at the Port of Lost Angeles/Long Beach Seaport, California (Port 2704), contesting the decision by CBP to liquidate the following entries with secondary tariff classifications under subheadings HTSUS 99903.01 and HTSUS 9903.02 corresponding to IEEPA duties:

TZ661506210      TZ661704898      TZ661716652      TZ661710838
TZ661516854      TZ661715597      TZ661716660

10.    On May 20, 2026, Plaintiff requested accelerated disposition of all three protests under 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22.

11.    CBP failed to allow or deny each of the three protests within 30 days of the date of mailing of the accelerated disposition request.

12.    By law, all three protests were deemed denied on June 19, 2026.

13.    On July 20, 2026, Plaintiff filed a summons challenging CBP's decisions, including the denial of the protests.

14.    All duties and taxes are paid.

## **STANDING**

15.    Plaintiff is the real party in interest and has standing to bring this action because it is the importer of record for goods imported into the United States from countries subject to IEEPA duties as implemented and collected by CBP.

16.    Plaintiff paid the IEEPA duties to the United States thereby suffering injury caused by the unlawful actions by the United States.

17.     Further, Plaintiff's claims are within the zone of interests of the underlying statute, 19 U.S.C. § 1514(a), which provides for judicial review of liquidation disputes or disputes over exactions and other charges imposed by CBP.

18.     Plaintiff is entitled to bring this action under 28 U.S.C. § 2631(a) because it is the party that filed the protests CBP denied.

19.     Plaintiff also is entitled to bring this action under 28 U.S.C. § 2631(i) because it is adversely affected or aggrieved by the actions by CBP in assessing, collecting, and retaining unlawful IEEPA duties.

## FACTUAL BACKGROUND

20.     Beginning in February 2025, the President of the United States began issuing a series of Executive Orders that invoked IEEPA as the basis for imposing new tariffs on goods imported from nearly every foreign country.

21.     The following is a listing of the relevant Executive Orders the President issued directing the collection of IEEPA duties (collectively, the IEEPA Orders): E.O. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China* (February 1, 2025); E.O. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China* (March 3, 2025); E.O. 14257, *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits* (April 2, 2025); E.O. 14266, *Modifying Reciprocal Tariff Rates to Reflect Trading Partner Retaliation and Alignment* (April 9, 2025); E.O. 14298, *Modifying Reciprocal Tariff Rates to Reflect Discussions with the People's Republic of China* (May 12, 2025); E.O. 14323, *Addressing Threats to the United States by the Government of Brazil* (July 30, 2025); E.O. 14326, *Further Modifying the Reciprocal Tariff*

*Rates* (July 31, 2025); E.O. 14329, *Addressing Threats to the United States by the Government of the Russian Federation* (August 6, 2025); E.O. 14357, *Modifying Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China* (November 4, 2025).

22.     Plaintiff was the importer of record on numerous entries subjected to the IEEPA Orders and accordingly paid IEEPA duties to the United States.

23.     On February 20, 2026, the United State Supreme Court issued its decision in *Learning Resources, Inc., et al. v. Trump, President of the United States, et al.,* slip op., 607 U. S. __ (Feb. 20, 2026), holding that IEEPA does not authorize the President to impose tariffs.

24.     The Supreme Court's decision rendered unlawful the IEEPA tariffs that CBP assessed and collected from all importers or record, including Plaintiff.

25.     Following the Supreme Court decision, the President formally rescinded the IEEPA Orders and all IEEPA tariffs imposed and directed CBP to take the appropriate steps to effectuate the recission.  Executive Order 14389, *Ending Certain Tariff Actions* (Feb. 20, 2026).

26.     CBP subsequently developed the Consolidated Administration and Processing of Entries (CAPE), a new functionality within the Automated Customs Environment (ACE).

27.     CBP released CAPE Phase 1 on April 20, 2026, which covers all unliquidated entries and all liquidated entries that are up to 80 days past the liquidation as of the date of claim submission through CAPE.

28.     CBP represented to this Court that all entries submitted and accepted in CAPE will be liquidated or reliquidated without the assessment of IEEPA duties, and that the importer of record on such entries will receive refunds of the IEEPA duties paid with interest.

29.     Plaintiff submitted claims through CAPE for entries eligible under Phase 1 of CAPE, 422 of which CBP accepted.

30.     Plaintiff filed the two protests at issue in this action with CBP under 19 U.S.C. § 1514(a) for the 101 entries that liquidated with IEEPA duties that either were ineligible for submission under CAPE Phase 1 (*e.g.*, beyond 80-days from the date of liquidation) or were rejected by the CAPE system because of apparent programming issues with the system.

31.     Plaintiff argued in each protest that per the Supreme Court opinion in *Learning Resources,* the IEEPA tariffs assessed and collected by CBP are unlawful and were unlawful when imposed.

32.     The total value of IEEPA duties unlawfully collected by CBP for the 101 protested entries is $2,747,748.10.

33.     There are an additional 16 entries that liquidated before the Supreme Court's decision.

34.     The total value of IEEPA duties unlawfully collected by CBP for finally liquidated entries that Plaintiff was unable to protest is $353,196.50.

## <u>COUNT I</u>
**(Denial of Protest)**

35.     Plaintiff repeats and incorporates paragraphs 1-34 by reference, as though fully stated herein.

36.     For each protested entry included in Protest Nos. 550126107790 and 270426177229 (the Protests), Plaintiff reported the required secondary classifications under subheadings 9903.01, HTSUS and 9903.02, HTSUS corresponding to IEEPA duties (the IEEPA classifications).

37.     For each protested entry, Plaintiff paid the applicable IEEPA duties, in a total amount of $2,747,748.10.

38.     CBP liquidated each of the protested entries with the IEEPA classifications and retained the IEEPA duties Plaintiff paid upon entry.

39.     The Supreme Court ruled that IEEPA does not authorize the President to impose tariffs, which rendered unlawful the IEEPA tariffs that CBP assessed and collected from Plaintiff on the protested entries.

40.     CBP's liquidation of the protested entries with IEEPA classifications, and its retention of IEEPA duties, was unlawful.

41.     CBP is not allowed to retain unlawfully assessed and collected tariffs and its denial of Plaintiff's Protests challenging the liquidation with IEEPA classifications (and collection and retention of IEEPA duties) is unlawful.

42.     Plaintiff timely protested CBP's liquidation of the protested entries with the IEEPA classifications and assessment, collection, and retention of IEEPA duties, which are protestable issues under 19 U.S.C. § 1514(a)(2), (3), and (5).

43.     Plaintiff is entitled to a full refund of the IEEPA duties paid in connection with the protested entries, with interest required by law, including 19 U.S.C. § 1520 and 19 C.F.R. § 24.36.

## <u>COUNT II</u>
### (Assessment, Collection, and Retention of IEEPA Tariffs Unlawful)

44.     Plaintiff repeats and incorporates paragraphs 1-34 by reference, as though fully stated herein.

45.     Per the Supreme Court's decision in *Learning Resources*, the IEEPA Orders exceeded the President's authority and therefore are invalid *ab initio*.

46.     Because the IEEPA Orders are invalid, the IEEPA duties imposed on Plaintiff under those orders also are invalid *ab initio*, and CBP's assessment of IEEPA tariffs against

Plaintiff's imports pursuant to the IEEPA Orders and its retention of IEEPA duties paid by Plaintiff is unlawful.

47.     Plaintiff is entitled to a full refund of the IEEPA duties paid to the United States, including the protested entries and finally liquidated entries, with interest required by law, including 19 U.S.C. § 1520 and 19 C.F.R. § 24.36.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)     Enter judgment in Plaintiff's favor;

(b)     Declare, with respect to Plaintiff, that the IEEPA duties imposed under the IEEPA Orders are *ultra vires* and void *ab initio*;

(c)     Order the United States to refund to Plaintiff the IEEPA duties collected from Plaintiff, with interest as provided by law; and

(d)     Award costs, attorneys' fees, and other such relieve this Court deems equitable and just.


Dated: July 20, 2026

                                    Respectfully submitted,

                                    */s/ Jeremy W. Dutra*
                                    Jeremy W. Dutra
                                    jeremy.dutra@squirepb.com
                                    Squire Patton Boggs (US) LLP
                                    2550 M Street, NW
                                    Washington, DC 20037
                                    (2020 626-6237

                                    *Counsel for Plaintiff Brighton-Best*
                                    *International, Inc.*